UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| NEEDUM ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOOMBS COUNTY | ) | |
| BOARD OF EDUCATION, | ) | Case No. CV614-117 |
| | ) | |
| Defendant. | ) | |

# ORDER

Proceeding *pro se* in this Title VII case, plaintiff Needum Rogers recently was contacted by counsel for the defendant, the Toombs County Board of Education, to produce a Fed. R. Civ. P. 26(f) report. Docs. 9 & 11. In the "Draft" report that *Rogers* filed[1] on February 2, 2015, he handwrote that he needed six months of discovery time. Doc. 9 at 2. The next day, he filed a "motion for additional time" in which he fails to state

---

[1] The parties were and are required to file a Joint Rule 26(f) Report, after which the Court will enter a Scheduling Order with specific litigation deadlines. *See* doc. 2 (General Order directing that the parties confer "by the earlier of 21 days after the filing of the last answer of the defendants named in the original complaint," then submit their report within 14 days after their conference); doc. 5 (Answer filed December 31, 2014).

*how much* time he seeks. Doc. 10. Perhaps he wants the Court to read that motion in conjunction with the draft Report.

Either way, plaintiff's time-extension motion, doc. 10, is denied because he hasn't even given the standard initial scheduling time frame a chance to work. Rogers must exert his best efforts to efficiently litigate his case first (*see* "Instructions" section below) and then request an extension of time. And, he should not have disregarded defense counsel's request to jointly confer and produce the Rule 26(f) Report just filed by defense counsel, wherein he relates plaintiff's errant behavior.[2] Doc. 11. In fact, it is clear that some specific instructions are required here.

## I. INSTRUCTIONS FOR THE PLAINTIFF

### A. Ministerial Matters

Consistent with his litigation burden, plaintiff shall serve upon defendant's attorney a copy of every further pleading or other document submitted for consideration by the Court. Rogers shall include with any original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant's counsel. Fed. R. Civ. P. 5. "Every pleading must have a caption with the

---

[2] Despite his *pro se* status, Rogers must obey all procedural rules, including this Court's local rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

court's name, a title, [and] a file number." Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk and which fails to include a caption or a certificate of service, will be disregarded by the Court and returned to the sender.

Plaintiff must immediately inform this Court of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case. Local Rule 41.1. Rogers also must maintain his own records of this case. If he loses papers and needs new copies, he may obtain them online via PACER or from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

**B. Discovery**

Rogers must litigate his case -- develop the facts for presentation to the factfinder. So if, for example, he wishes to obtain facts and information about this case from the defendant, he must initiate discovery. *See generally* Fed. R. Civ. P. 26, *et seq*. Plaintiff does not need the permission of the Court to begin discovery. In fact, he must commence discovery *now*. And he must cooperate with defense counsel in exchanging any discovery.

Interrogatories and requests for the production of documents provide a practical method of discovery for *pro se* litigants. Fed. R. Civ. P. 33, 34. Such may be served only upon a party to the litigation; for the purposes of the instant case, this means that interrogatories should not be directed to anyone other than the defendant. Interrogatories and requests for production *shall not be filed with this Court*. Interrogatories are not to contain more than twenty-five questions. Fed. R. Civ. P. 33(a)(1). If plaintiff wishes to send more than twenty-five interrogatories to a party, he must first obtain the Court's permission. *Id.* In a request for production, plaintiff may request that defendant produce any designated documents for the purpose of inspection and copying. The request must set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. Fed. R. Civ. P. 34(b)(1).

Should it become necessary to file a motion to compel discovery under Fed. R. Civ. P. 37, plaintiff should first contact defense counsel to try to resolve the problem. If it cannot be resolved, then he must -- before seeking judicial relief (e.g., a motion to compel) file a statement certifying that opposing counsel has been contacted in a good faith effort

to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(1). It is the plaintiff's duty to cooperate fully in any discovery which may be initiated by the defendant. Evasive or incomplete responses to discovery will not be tolerated and may subject him to severe sanctions, *including dismissal of his case*. Should the defendant endeavor to take plaintiff's deposition, plaintiff shall cooperate and answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

**C. Dispositive Motions**

Defendant may file a motion to dismiss plaintiff's case. If plaintiff opposes, he must file and serve his response within fourteen days of its service. Local Rule 7.5. "Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." *Id.* Therefore, if Rogers fails to respond to a motion to dismiss, the Court will assume that he does not oppose it.

Defendant may also opt to file a motion for summary judgment under Fed. R. Civ. P. 56. A response to that must be filed within twenty-one days after service of the motion. Local Rules 7.5 & 56.1. Again, plaintiff's failure to respond shall indicate that there is no opposition to

the motion. Local Rule 7.5. Furthermore, each material fact set forth in defendant's statement of material facts will, if evidentially supported, be deemed admitted unless specifically shown to be unsupported or controverted by an opposing statement. If defendant does file a summary judgment motion, then Rogers must establish the existence of a genuine issue of material fact sufficient to deny the motion. He cannot meet that burden by relying upon conclusory allegations contained within his Complaint. Should plaintiff fail, then any evidentially supported factual assertions will be accepted as true and summary judgment may be entered against him, per Fed. R. Civ. P. 56.

### D. Litigation Schedule

Finally, Rogers has four months from the date this Order is served to complete any discovery he wishes to undertake, after which he may either move for summary judgment or request a jury trial plus any ancillary relief (*e.g.*, file a motion *in limine*). Any failure to comply with these instructions will subject him to dismissal of his case for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1. Again, the parties are directed to comply with the Court's Rule 26(f) directive, after which the Court will enter a Scheduling Order governing all relevant deadlines.

## II. CONCLUSION

The filing of this Order triggers a new Rule 26(f) compliance period. Plaintiff is **DIRECTED** to cooperate with defense counsel in producing a *joint* Rule 26(f) report or risk sanctions, including dismissal of his case. That Report must be filed within 14 days of the date this Order served. Finally, his motion to extend time is **DENIED**. Doc. 10.

**SO ORDERED**, this 13th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA