# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| NEEDUM ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV614-117 |
| ) | |
| TOOMBS COUNTY ) | |
| BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This Court has repeatedly ordered *pro se* Title VII plaintiff Needum Rogers to cooperate with counsel for the defendant, the Toombs County Board of Education, in producing a Fed. R. Civ. P. 26(f) Report and a Joint Status Report. *See* doc. 2 at 1 (ordering the parties to confer under Rule 26(f)); doc. 12 at 7 ("Plaintiff is DIRECTED to cooperate with defense counsel in producing a joint Rule 26(f) report or risk sanctions, including dismissal of his case."); doc. 15 (*again* directing joint Status Report); doc. 17 (directing Joint Status Report). Rogers, however, has repeatedly failed to comply. Docs. 9 & 13 (his two unilateral Rule 26(f) reports); doc. 14 (defendant's "Motion to Clarify 'Joint Rule 26(f) Report'

explaining missed phone calls and plaintiff's failure to confer regarding the attempt to file a *joint* Rule 26(f) Report); doc. 18 (Rogers filed his own "Status Report"); doc. 19 (recounting plaintiff's same failure to participate in production of a Joint Status Report).

The Court's first directive was in its General Order issued while Rogers was represented in this case. Doc. 2; *see also* doc. 8 (order granting his attorney's withdrawal). The Court had reason to overlook plaintiff's violation of that first Order because he was represented and perhaps had no cause to read it (though, withdrawing counsel was obligated to instruct him about his responsibilities, *see* GA BAR. ETHICS & PROF. CODE ¶ 1.16 (Comment 9)). Doc. 12 at 7.

So, the Court's second Order specifically addressed him and directed him to cooperate with defense counsel in filing a joint Rule 26(f) Report. Doc. 12 at 7. When Rogers failed to comply, the Court gave him yet another chance. Doc. 15 at 2 (the Court "ORDERS plaintiff to cooperate with defense counsel in producing a joint Rule 26(f) report or face sanctions, including dismissal of his case. . . . As part of this effort, each party is DIRECTED to promptly and timely return each other's phone calls (if not emails) and in good faith avoid "telephone tag" in

2

getting this simple task accomplished."). Finally, he complied. Doc. 16 (Joint Rule 26(f) Report). That report obligated him to provide his Initial Disclosures by March 27, 2015. *Id.* at 1.

But as defense counsel explains (he charitably does not move to dismiss), Rogers has started a noncompliance cycle all over again: He has not only failed to provide his Initial Disclosures, doc. 16 at 1; doc. 19 at 1, but also has failed to comply with the Court's otherwise clear and simple Status Report directive. Doc. 17 (Scheduling Order directing parties to file a Joint Status Report); doc. 19 (defendant's unilateral Status Report recounting counsel's efforts to persuade Rogers to work with him in filing a *Joint* Status Report).[1]

---

[1] Defense counsel explains:

> This Court's Scheduling Order [Doc. 17] requires the Parties to confer and file a Joint Status Report by April 30, 2015. In light of the Order, counsel for Defendant sent Plaintiff, proceeding *pro se*, a letter by overnight mail dated April 27, 2015, which explained the need for the Parties to confer and submit a Joint Status Report. Counsel requested Plaintiff to call him as soon as possible to discuss the contents of the Joint Status Report and also enclosed a draft of the Report for Plaintiff's review prior to the call. Counsel also reminded Plaintiff that he has yet to provide Plaintiff's Initial Disclosures, which were due on March 27, 2015. A copy of the letter, draft Joint Status Report and Federal Express Delivery notification is attached for the Court's reference.
>
> As of this afternoon, Plaintiff has not called, and to avoid failure to comply with the Court's Order regarding filing the Joint Status Report, Defendant hereby files its version of the Status Report, leaving Plaintiff's portion blank. Defendant notes that the Court has had to direct Plaintiff to comply with the

Given plaintiff's "prolonged indifference . . . during the life of this litigation," *West v. Peoples*, 589 F. App'x 923, 929 (11th Cir. 2014), the Court finds that lesser sanctions will not suffice and thus, his case should be **DISMISSED WITHOUT PREJUDICE**.[2] Rogers is free to show, in

---

Federal Rules of Civil Procedure or its Orders on previous occasions. *See* Doc. 12 and 15.

Doc. 19 at 1; *see also* doc. 19-1 (copy of counsel's letter to Rogers).

[2] In this circuit a

> district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. *See* Fed.R.Civ.P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). The district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice. *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir.1987); *see also Betty K Agencies*, 432 F.3d at 1337.

*Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011); *Muhammad v. Muhammad*, 561 F. App'x 834, 837 (11th Cir. 2014) ("While Muhammad is correct in asserting that he is entitled to some flexibility as a *pro se* litigant, he cannot circumvent the Federal Rules of Civil Procedure by virtue of his status."); *Williams v. Talladega Community Action Agency*, 528 F. App'x 979, 980 (11th Cir. 2013) ("Here, the district court did not abuse its discretion in dismissing the case with prejudice when Williams did not comply with the order to re-file her complaint."); *Kennedy v. Bell South Telecommunications, Inc. (AT&T)*, 546 F. App'x 817, 819 (11th Cir. 2013) (dismissal of *pro se* plaintiff's second amended complaint with prejudice for failure to comply with district court's order was warranted, where original and amended complaints did not confine individual claims to separate counts, incorporated hundreds of paragraphs by reference, and generally failed to identify factual or legal bases for many of the alleged violations of federal law, and twice district court dismissed complaint without prejudice, providing plaintiff with opportunities to amend his complaint, and plaintiff gave no indication that he would be willing and able to comply if given another opportunity, but rather insisted that his complaints were in substantial compliance); *Everything Divine Inc. v. O'Quinn*, 2014 WL 3593691 at * 2 (M.D. Fla. Jul. 18, 2014) (striking Answer and entering default judgment against defendant who "violated the requirements of this Court's Orders by failing to: (1)

a Fed. R. Civ. P. 72(b)(2) Objection, why his case should not be dismissed (but any factual assertion contrary to the defense showing must be made under oath).[3]

**SO REPORTED AND RECOMMENDED**, this 6Th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

participate in mediation; (2) submit a Joint Pretrial Statement; and (3) appear at the scheduled Pretrial Conference.").

[3] This Court does not tolerate perjury in any form. *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F.Supp.2d 1376, 1378 n. 2 (S.D. Ga. 2012).